INDICTED for keeping a gambling house.
The defendant kept an oyster house, and allowed persons to play cards there for money. He often was present, but had no direct interest in the sums staked, nor took any part in the playing. The parties were generally quiet and orderly.
Mr. Bayard, for the defendant, contended that it was not unlawful to play cards at a private house, in a peaceable and quiet way, as the statute only prohibits it in case of tavern keepers. That neither by statute nor by common law, was the defendant guilty of any punishable offence; as the house was not a nuisance; did not disturb or corrupt the neighborhood; and the defendant derived no profit from the gaming. *Page 511 
 Mr. Johnson, for the State, replied, that it was not the case of a private person allowing his neighbors and friends to amuse themselves in his house, with a quiet game of cards; but that it was the case of a house kept open for the public, with inducements held out to bring them together; the gambling being one of those inducements, and the compensation to the keeper of the house being the increased sale of his oysters, and patronage of his house. That such a house was a nuisance at common law, its tendency being to corrupt the neighborhood.
charged the jury that the keeping of a common gaming house was a nuisance at common law, and as such indictable under section 2860, of the Code. The offence was the causing and procuring many persons to resort to such a house, for the purpose of gaming, and for the defendant's profit, either directly upon the game itself, or the incidental sale of oysters or other things. Such a house is an encouragement to idleness, cheating and other corrupt practices; tends to produce public disorder by congregating many people; and to draw the young and unwary from the paths of virtue. A disorderly house is a nuisance, if the persons there assembled annoy the neighborhood by loud noises, cursing or swearing; a gaming house is also a nuisance if it hold out inducements and attractions to bring together persons in such numbers, or so often, as to make it injurious to the public, and dangerous to the neighborhood, by drawing the sober and industrious into habits of idleness and vice, and corrupting the young and unwary. One of the witnesses in this case, who stood over the gaming table, was a youth of tender years, and to such persons the example and influence of such a house, if they were generally brought within its demoralizing influence, would he far worse than would be the mere disturbance of a neighborhood, by any amount of noise or unseasonable mirth. Yet that was a nuisance; and so was such a gambling house though kept by a private person. But it must be of such a general or common character as thus to amount to a nuisance, or it is not an indictable offence; for a private person may allow gaming in his house, without being guilty of a nuisance. Tavern keepers and keepers of ale houses or victualling houses, are under a more stringent rule by the provisions of section 930 of the Code, which makes it an indictable offence for such persons to suffer any game to be played in or about the house, upon which any thing is betted. But the defendant was not indicted as a keeper of a victualling *Page 512 
house, and could only be convicted as the keeper of such a private house, as amounted to a common gaming house and a public nuisance.
 The defendant was acquitted.